**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff(s),<br><br>v.<br><br>JONATHAN FRANCIS,<br><br>    Defendant(s). | 2:10-CR-365 JCM (PAL) |

**ORDER**

Presently before the court is defendant's motion to modify and correct sentence (doc. # 180) and amended motion to modify and correct sentence (doc. # 181). The government has filed a response in which it argues the court should "grant[] in part and den[y] in part" defendant's motions. (Doc. # 182).

**I.     Background**

On August 25, 2011, defendant pled guilty to count one of an indictment charging defendant with conspiracy to possess a controlled substance (cocaine) with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II), and 846. This court sentenced defendant on February 9, 2012, to a term of incarceration of 60 months and five years supervised release. The court applied the safety valve provision, U.S.S.G § 5C1.2, to sentence the defendant below the applicable mandatory minimum of 10 years. (Doc. # 168).

In defendant's motion, he requests the following three modifications to his sentence: (1) the court eliminate the supervised release condition that defendant shall register with the state sex

**James C. Mahan**
**U.S. District Judge**

1  offender registration; (2) the court eliminate the supervised release condition that defendant shall
2  participate in an approved program for domestic violence; and, (3) the court reduce defendant's
3  supervised release from five years to three years. (Doc. # 181).
4        The government has no opposition to the defendant's request to modify the two conditions
5  of supervised release. (Doc. # 182). However, the government argues that a term of supervised
6  release of five years is appropriate and even required under the relevant statute. (*Id.*).

7  **II.    Discussion**

8        The two special conditions appear to have been included in error. The government does not
9  object to their elimination from supervised release conditions. Further, from reviewing the crime
10 to which defendant pled guilty (drug related offense) and the facts supporting the guilty plea, there
11 is no reason these conditions should have been included. Pursuant to 18 U.S.C. § 3583(e), the court
12 may modify both the conditions of supervised release as well as the length of supervised release.
13 The court finds that the condition that defendant shall register with the state sex offender registration
14 and the condition that the defendant shall participate in an approved program for domestic violence
15 both be eliminated.
16       Next, the court turns to the issue of whether the defendant's term of supervised release should
17 be reduced from five years to three years. In support of his argument, defendant cites only a 2011
18 amendment to U.S.S.G. 5D1.2 that directs the court to sentence a defendant to a term of at least three
19 years of supervised release for a Class A or a Class B felony. Defendant then quotes the commission
20 that a lesser term of supervised release "should be sufficient in most cases because research indicates
21 that the majority of defendants who violate conditions of supervised release do so during the first
22 year of the term of supervised release." (Doc. # 181).
23       The government counters by arguing that under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), and
24 846 the minimum period of supervised release which can be imposed is five years. (Doc. # 182).
25 This is normally true. However, application note two of U.S.S.G. § 5D1.2 states that "[a] defendant
26 who qualifies under § 5D1.2 . . . is not subject to any statutory minimum sentence of supervised
27 release." Therefore, the court could reduce defendant's term of supervised release from five years
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

down to three years. *See generally United States v. Teague*, 165 Fed. Appx. 547, 549 (9th Cir. 2006) ("The Sentencing Guidelines state a finding that a defendant satisfied the 'safety valve' criteria exempts the defendant not only from the statutory minimum term of *imprisonment*, but also from and statutory term of *supervised release*.") (alterations in original).

"[I]n determining the length of the term and the conditions of supervised release," the court "shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(c). The court stated on the record at sentencing that it considered all the factors in 18 U.S.C. § 3553(a) when determining an appropriate sentence. (Doc. # 168). At the time of sentencing, the court found five years of supervised release to be an appropriate term of supervised release. (*Id.*) Nothing has changed. After reconsidering all the factors in § 3553(a) the court, again, finds a term of five years of supervised release to be appropriate under these facts.

Accordingly,

IT IS ORDERED, ADJUDGED, AND DECREED that defendant's motion to modify and correct sentence (doc. # 180) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant's amended motion to modify and correct sentence (doc. # 181) be, and the same hereby, is GRANTED in part and DENIED in part.

DATED October 17, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**